**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

*Electronically Filed*

| | |
|---|---|
| AMERICAN COMMERCIAL BARGE LINE LLC )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>IWC OIL & REFINERY, LLC )<br>)<br>DEFENDANT. )<br>) | Case No. _____ |

## COMPLAINT

Plaintiff American Commercial Barge Line LLC ("**ACBL**"), by and through its undersigned counsel, and for its Complaint against Defendant IWC Oil & Refinery, LLC ("**IWC**"), hereby alleges and states as follows:

## PARTIES

1. ACBL is a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

2. The sole member of ACBL is Commercial Barge Line Holdings LLC, a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

3. IWC is a Texas limited liability company with its principal place of business in San Antonio, Texas.

4. IWC is comprised of two individual members, Marco and Claudia Aparicio, both of whom are citizens of Texas.

## JURISDICTION AND VENUE

5. This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over IWC and venue is proper in this Court pursuant to the forum selection clause set forth in the contract described herein.

## FACTUAL BACKGROUND

7. ACBL restates and re-alleges the allegations set forth in Paragraphs 1–6 of its Complaint as if fully set forth herein.

8. ACBL is one of the largest and most diversified marine transportation companies in the United States of America.

9. IWC is the petroleum division of IWC Group and provides a variety of refined products, storage solutions, and consulting services.

10. On October 11, 2021, ACBL and IWC entered into the Liquid Cargo Contract (the "**Contract**") pursuant to which IWC engaged ACBL to transport ultra-low sulfur diesel cargo from March 16, 2022 through June 16, 2022 utilizing barges and other equipment owned and/or operated by ACBL. A copy of the Contract is attached hereto as **Exhibit A**.[1]

11. Pursuant to the Contract, IWC was to pay ACBL a base rate of $6,400 per day, demurrage at a set rate per barge per day, and other expenses required for the movement of cargo, including, but not limited to, fleeting, dockage, wharfage, equipment cleaning, and towing costs.

12. After the Contract was executed, ACBL and IWC agreed to extend the duration of

---

[1] For convenience, all capitalized terms not otherwise defined in this Complaint shall have the same meaning ascribed to them in the Contract.

the Contract to July 16, 2022 and increased the base rate to $7,500 per day effective June 16, 2022 (the "**First Amendment**"). A copy of the First Amendment is attached hereto as **Exhibit B**.

13. IWC accepted the First Amendment because the Contract and First Amendment involved repeated occasions of performance and IWC acquiesced to the Contract and First Amendment after an opportunity to object to the terms described therein. IWC accepted and did not object to the services provided by ACBL pursuant to the terms of the First Amendment.

14. In accordance with the Contract and First Amendment, ACBL provided barge(s) to IWC for transporting the designated cargo, and thereafter transited said cargo from Houston, Texas to Corpus Christi, Texas.

15. Despite repeated demands by ACBL, IWC has failed to satisfy is obligations under the Contract or First Amendment by tendering payment for the charges it was contractually obligated to pay.

## COUNT I: BREACH OF CONTRACT

16. ACBL restates and re-alleges the allegations set forth in Paragraphs 1–15 of its Complaint as if fully set forth herein.

17. The Contract and First Amendment obligated IWC to pay certain amounts with respect to the barge transportation services rendered by ACBL.

18. ACBL has issued invoices to IWC for freight charges, demurrage, cleaning costs, and other amounts that are due and owing under the Contract and First Amendment.

19. Pursuant to the Contract, ACBL's invoices were payable within fifteen (15) days of the date of the invoice as described in the Schedule to the Contract.

20. Despite due demand, IWC has not paid the outstanding invoices under the Contract and First Amendment.

21. IWC's non-payment for the services rendered by ACBL under the Contract and First Amendment constitutes material breaches of the terms by which ACBL furnished the above-described barge transportation services to IWC.

22. All conditions precedent required of ACBL under the Contract and First Amendment have been performed.

23. As a result of IWC's breach of its obligations to ACBL, ACBL has and continues to suffer damages in the principal amount of $400,282.57, as of October 5, 2022, inclusive of freight charges, demurrage, equipment cleaning costs, and other amounts owed under the Contract and First Amendment.

24. Pursuant to the terms of the Contract and First Amendment, IWC is also liable to ACBL for pre-judgment and post-judgment interest at the agreed rate of 1.5% per month from the date each invoice came due, and all costs incurred in connection with ACBL's collection efforts, including court costs and reasonable attorney's fees.

**WHEREFORE**, Plaintiff American Commercial Barge Line LLC prays for judgment as follows:

A. Judgment against IWC in the amount of the aforesaid $400,282.57, together with interest thereon at the contractually agreed upon rate of 1.5% per month until paid;

B. Its cost of collection, including reasonable attorney's fees and court costs;

C. Any other and further amount that later calculation may demonstrate as appropriate; and

D. All other relief to which it may be entitled.

Respectfully submitted,

/s/ *Jordan M. White*
Jordan M. White (Attorney No. 33932-10)
Matthew L. Bunnell (Attorney No. 37258-49)
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202-2898
Tel.: (502) 589-5235
Fax: (502) 589-0309
E-Mail: jwhite@wyattfirm.com
E-Mail: mbunnell@wyattfirm.com

*Counsel for Plaintiff*

100961425.2