UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| AMERICAN COMMERCIAL BARGE LINE LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    No. 4:22-cv-00136-TWP-DML <br> ) |
| IWC OIL & REFINERY, LLC, | ) <br> ) |
| Defendant. | ) |

### **ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of the Plaintiff. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges,

    1. ACBL is a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

      2. The sole member of ACBL is Commercial Barge Line Holdings LLC, a Delaware limited liability company with its principal place of business in Jeffersonville, Indiana.

([Filing No. 1 at 1](#).)

These allegations are insufficient to allege the citizenship of the Plaintiff to allow the Court to determine whether diversity jurisdiction exists because the allegations fail to state the members of Commercial Barge Line Holdings LLC and their citizenship.

As the party asking this Court to invoke its jurisdiction, Plaintiff must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the members of the LLC parties and their citizenship. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

      **SO ORDERED.**

Date: 10/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew Lewis Bunnell
WYATT TARRANT & COMBS, LLP
mbunnell@wyattfirm.com

Jordan M. White
WYATT TARRANT & COMBS, LLP
jwhite@wyattfirm.com